ALCOVER & CO., PLAINTIFF AND APPELLEE, *v.* HEIRS OF MAGRANER, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Aguadilla in an Action of Debt.

No. 2968.—Decided April 21, 1923.

APPEAL—STATEMENT OF CASE—EXHIBIT.—When an exhibit offered in evidence is not described in the statement of the case so that it may be properly identified in accordance with the Rule 40 *b* of the Supreme Court and Act No. 81 of 1919, a motion to the Supreme Court for an order to the clerk of the lower court to send up said exhibit will be overruled. In such a case the

party concerned may move the Supreme Court at the proper time to return the statement of the case to the court *a quo* for the purpose of supplying the omission so that the exhibit may be examined on appeal.

The facts are stated in the opinion.

*Messrs. Reichard & Reichard* for the appellants.

*Mr. J. B. Soto* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

After the defendant-appellants had filed their brief on appeal in this Supreme Court they moved that the clerk of the lower court be ordered to send up certain account books which the plaintiff had introduced in evidence at the trial, to be made a part of the record in this appeal. The adverse party is not absolutely opposed to that motion, but suggests that the books should not be sent up until a few days before the hearing on the appeal because the accounting department of his firm would suffer thereby.

On June 25, 1910, the Supreme Court added to Rule 40 of its Rules the following provision:

"40b.—Whenever in the discretion of the trial court it shall be necessary for the correct undestanding and decision of any cause, or question therein, that any original map, paper, or exhibit of any kind, incapable of being represented by copy, photograph or otherwise, shall be produced for inspection or examination by this Court, a description thereof shall be made in the statement of facts or bill of exceptions, so as to properly identify the same, stating that said map, paper or exhibit is made a part of said statement or bill, and the secretary of the court below, after authenticating the said original map, paper or exhibit, under his signature and the seal of the court, shall transmit the same to the secretary of this court, stating that it has been made a part of the record of such cause."

In Act No. 81 of 1919, after determining the manner in which a statement of the case or bill of exceptions shall be prepared, it was provided as follows:

"When it should become necessary for an accurate intelligence and resolution of the matter, that a map, original document or ex-

hibit of any sort, which cannot be reproduced by copy, photograph or otherwise, be submitted to the examination and inspection of the Supreme Court, a description thereof shall be. made, and the secretary of the court *a quo* after authenticating said map, original document or exhibit under his hand and the seal of the court, shall send same to the secretary of the Supreme Court stating that they form part. of the record in the case.''

As may be seen, both under our. Rules and under the statute, in order that the clerk may be under the obligation of sending up to the Supreme Court any map, original document or exhibit of any sort, it is necessary that a description thereof shall be given in the statement of the case or bill of exceptions, and inasmuch as in the statement of the case filed in this appeal there is no description by which to identify the books referred to in the motion of the appellants, we can not order them to be brought up to this Supreme Court; therefore, the motion must be overruled.

This ruling does not preclude a motion for the return of the statement of the case to the lower court for amendment in accordance with the law so that the books may be made an exhibit thereafter.

*Motion overruled without prejudice.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.